UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>1.84 ACRES OF LAND, MORE OR LESS, SITUATE IN IMPERIAL COUNTY, STATE OF CALIFORNIA; THE ALICE M. JOHNSON FAMILY TRUST; JUDY EKDAHL; GAIL ROJAS; JOY PHOENIX; ESTATE OF ALICE M. JOHNSON; THE ESTATE OF OR UNKNOWN HEIRS OF HAROLD H. JOHNSON, DECEASED; IMPERIAL IRRIGATION DISTRICT; AND IMPERIAL COUNTY TAX COLLECTOR,<br><br>                              Defendants. | Case No.: 19-cv-1507-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the determination of just compensation pursuant to Rule 71.1(h) of the Federal Rules of Civil Procedure.

///

1

## I. FACTUAL BACKGROUND

On August 12, 2019, the United States filed a Complaint in Condemnation, condemning 1.84 acres of land in Imperial County, California ("Subject Property"), for the public purpose "to construct, maintain, and repair barriers, roads, lighting, cameras and sensors to help secure the United States/Mexico border within the State of California." (ECF No. 1-3 at 1). The United States identified the interested parties to the litigation as Alice M. Johnson, the Estate of or Unknown Heirs of Harold H. Johnson, the Imperial Irrigation District, and the Imperial County Tax Collector. (ECF No. 1-8 at 1).

On August 12, 2019, the United States filed a Declaration of Taking (ECF No. 3) and a Notice of Condemnation (ECF No. 4). On August 20, 2019, the Court issued an Order directing the Clerk of the Court to deposit the estimated just compensation of $2,800, tendered by the United States, into an interest-bearing bank account. (ECF No. 9). Thereafter, title of the Subject Property passed to the United States. *See* 40 U.S.C. § 3114(b).

On November 5, 2019, the United States filed executed Waivers of Service as to Alice M. Johnson, the Imperial County Tax Collector, and the Imperial Irrigation District. (ECF Nos. 11-13). On November 27, 2019, the United States filed a Certification of Service by Publication on the Estate of or Unknown Heirs of Harold H. Johnson. (ECF No. 15). On September 4, 2020, the Imperial County Tax Collector filed a Disclaimer of Interest. (ECF No. 16).

On September 22, 2021, the United States filed a notification of the death of Alice M. Johnson, and a motion to substitute the following interested parties: (1) The Alice M. Johnson Family Trust, (2) Judy Ekdahl, (3) Joy Phoenix, (4) The Estate of Alice M. Johnson, and (5) Gail Rojas. (ECF Nos. 32-33). On September 23, 2021, the Court granted the United States permission to substitute those parties in Alice M. Johnson's place. (ECF No. 34). The United States completed service on four of the five new parties by December 10, 2021. (ECF Nos. 36-39). On March 24, 2022, the United States filed a waiver of service signed by the fifth new party, Gail Rojas. (ECF No. 42).

On July 5, 2022, the Court set a hearing to determine just compensation for August 4, 2022. (ECF No. 28). On July 26, 2022, the United States filed a Certificate of Service, certifying that on July 6, 2022, the United States mailed a copy of the Court's Order of July 5, 2022, to all parties of record for whom an address is known and who have not disclaimed interest in this litigation. (ECF No. 47 at 1-2).

On August 4, 2022, the Court held a hearing to determine just compensation.

**II.   DISCUSSION**

The United States can condemn property for public use, but it must pay just compensation for the value of what is taken. *See* U.S. CONST. amend. V. When a whole parcel is taken, just compensation is "the fair market value of the property on the date it is appropriated." *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9-10 (1984) (citation omitted). When a portion of a parcel is condemned, just compensation is the difference between the fair market value of the whole parcel immediately before the taking and the fair market value of the remainder of the parcel after the taking. *See United States v. Miller*, 317 U.S. 369, 376 (1943). Fair market value is the price a reasonable seller would demand, and the price a "willing buyer would pay in cash to a willing seller" for the property. *Kirby*, 467 U.S. at 10 (quotation omitted). Fair market value must be based on the property's "highest and best use," which is the most profitable, legal use for which the property is adaptable and needed or likely to be needed in the reasonably near future. *See Olson v. United States*, 292 U.S. 246, 255 (1934). A property owner "must be made whole but is not entitled to more." *Id*.

The Court determines just compensation where, as here, no party has demanded a jury trial. *See* Fed. R. Civ. P. 71.1(h)(1). During the hearing on just compensation, "a defendant – whether or not it has previously appeared or answered – may present evidence on the amount of compensation to be paid and may share in the award." Fed. R. Civ. P. 71.1(e)(3). The property owner bears the burden of proving just compensation. *See United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273 (1943). An award of just

compensation may not be predicated on speculative or conjectural potential. *See Olson*, 292 U.S. at 255.

The United States has acquired the following Subject Property as a result of condemnation pursuant to 40 U.S.C. §§ 3113 and 3114:

> The southerly 60 feet of lot 4 of Section 23, Fractional Township 17 South, Range 14 East, S.B.M., according to the Official Government Plat Resurvey accepted by The Department of Interior General Land Office being dated June 24, 1926. Said 60 feet also being measured parallel and perpendicular to the International Boundary between the United States and Mexico.
> Said Tract containing 1.84 acres, more or less.

(ECF No. 3 at 6). The United States has adequately shown that it has identified all interested parties in the Subject Property and all interested parties have been served or waived service. The only interested party to file an answer or notice of appearance was the Imperial County Tax Collector, which has disclaimed its interest in the Subject Property. The United States has demonstrated that all interested parties received notice of the hearing. (ECF No. 47). No interested parties or landowners appeared at the hearing.

Prior to the hearing, the United States submitted: (1) the Declaration of Eric E. Roman, a Certified General Real Estate Appraiser in the State of California and the Appraisal Branch Chief of the United States Army Corps of Engineers' Regional Appraisal Center, Real Estate Division, Sacramento District; and (2) the attached Property Appraisal Report prepared by Roman and dated April 25, 2019. (ECF No. 44-3). The Property Appraisal Report states that it was prepared in conformity with the U.S. Army Corps of Engineers appraisal guidelines, the Uniform Appraisal Standards for Federal Land Acquisitions, and the Uniform Standards for Professional Appraisal Practice. The Property Appraisal Report states that the Subject Property is part of a larger parcel of approximately 4.34 acres of land along the United States-Mexico border. The Property Appraisal Report concludes that the value of the larger parcel before acquisition was $6,510 on March 6, 2019—the date of the appraisal. The Property Appraisal Report concludes that the value of

the remainder of the parcel after acquisition of the Subject Property was $3,735. The Property Appraisal Report concludes that the Subject Property has a fair market value of $2,800. No party has contested the conclusions of Property Appraisal Report or the estimation of the fair market value of the Subject Property. Having reviewed the Property Appraisal Report, the Declaration of Eric E. Roman, and the filings in this case, the Court concludes that the sum of $2,800 is just compensation for the taking in this case.

### III.  CONCLUSION

Based upon the foregoing, the Court concludes and hereby orders:

1.  The owners of the property interests condemned by the United States on the date of taking are as follows: the Alice M. Johnson Family Trust, Judy Ekdahl, Gail Rojas, Joy Phoenix, and the Estate of Alice M. Johnson, the Imperial Irrigation District, and the Imperial County Tax Collector. Title to the property condemned belonged to the Alice M. Johnson Family Trust, Judy Ekdahl, Gail Rojas, Joy Phoenix, and the Estate of Alice M. Johnson by way of the death of Harold Johnson and his wife Alice M. Johnson.

2.  Title to the Subject Property transferred to the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation, as provided by 40 U.S.C. § 3114(b).

3.  The full just compensation payable by Plaintiff, United States of America, for the taking of the property identified in the Complaint and Declaration of Taking (ECF Nos.1 & 3), shall be the sum of $2,800, inclusive of interest.

4.  Final Judgment will be entered against the United States in the sum of $2,800 (said sum being full and just compensation) in full satisfaction of any and all claims of

whatsoever nature against the United States by reason of the institution and prosecution of this action and the taking of the said lands and all appurtenances thereunto.

  5. The Imperial County Tax Collector has disclaimed interest in this litigation. The Imperial Irrigation District failed to appear at the hearing and submitted no evidence to the Court demonstrating an ownership interest in the land condemned by the United States. Therefore, just compensation, along with any interest accrued since deposit of the United States' estimate of just compensation, should be split evenly between the following five parties: the Alice M. Johnson Family Trust, Judy Ekdahl, Gail Rojas, Joy Phoenix, and the Estate of Alice M. Johnson.

  6. The Clerk of Court is hereby directed to distribute the funds in five equal checks to the following:

> The Alice M. Johnson Family Trust
> C/O Cynthia A. Nelson-Moore, Trustee
> 723 Fino Glen
> Escondido, CA 92025
>
> Judy Ekdahl
> 13326 Willow Rd
> Lakeside, CA 92040
>
> Gail Rojas
> 4011 Taos Dr.
> San Diego, CA 92117
>
> Joy Phoenix
> 4987 E. Pie Allen Ct.
> Tucson AZ 85712
>
> Estate of Alice M. Johnson
> The Estate of Alice M. Johnson

       C/O Cynthia A. Nelson-Moore, Executor
       723 Fino Glen
       Escondido, CA 92025

    7.    The Clerk of the Court shall close the case.

Dated: August 4, 2022

                                       *[signature: William Q. Hayes]*
                                       Hon. William Q. Hayes
                                       United States District Court